IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **HAROLD E. STRICKLAND,** | ) | Civil Action No. 7:13cv00484 |
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| **VIRGINIA DEPT. OF** | ) | |
| **CORRECTIONS,** *et al.,* | ) | By: Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

| | | |
|---|---|---|
| **HAROLD E. STRICKLAND,** | ) | Civil Action No. 7:13cv00485 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **COMMONWEALTH OF** | ) | |
| **VIRGINIA,** *et al.,* | ) | |
| Defendants. | ) | |

Harold E. Strickland, a Virginia inmate proceeding *pro se* has filed a host of lawsuits naming defendants in a dragnet fashion and faulting them for failing to adequately treat his Crohn's disease. Strickland brings these two lawsuits against the Commonwealth of Virginia, the Virginia Department of Corrections, ("VDOC"), Armor Correctional Health Services, Inc., ("Armor"), and eight prison officials,[1] once again alleging that the defendants denied him adequate medical treatment and a "medically necessary" diet for his disease. In these cases,

---

[1] These eight prison officials are: Dr. Mary Clarke, Deep Meadows Correctional Center, ("DMCC"); Ms. Cloud, Food Services Manager at DMCC; Nurse W. Reed, DMCC; Nurse Wanda Davenport, Powhatan Correctional Center, ("PCC"); Dr. Paul C. Ohai, PCC; Dr. Ronald W. Toney, PCC; Dr. Frank Sturmer, Mecklenburg Correctional Center, ("MCC"); and Dr. Mark Militana, MCC.

-1-

Strickland mailed two separate complaints in a single envelope, and the Clerk filed them as separate suits. In the first, 7:13cv00484, Strickland attempts to assert federal claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* In the second, 7:13cv00485, Strickland attempts to assert various state law claims, including medical malpractice, fraud and breach of contract. The court dismissed the federal claims lawsuit, 7:13cv00484, when Strickland failed to comply with the court's directives. Strickland has moved for reconsideration of that dismissal and has filed numerous motions seeking to consolidate the two lawsuits. The defendants in the second lawsuit, which asserts only state claims, 7:13cv00485, have moved to dismiss for lack of jurisdiction. The motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I.*

For reasons that follow, I recommend that the court reinstate Strickland's lawsuit attempting to assert federal claims, 7:13cv00484, but dismiss it sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) because Strickland's allegations do not plausibly show deliberate indifference to his serious medical needs or a violation of a federal right. I also recommend that the court decline on futility grounds to consolidate the cases in the absence of a plausible federal claim, and, instead, grant the defendants' motions to dismiss the second suit, 7:13cv00485, which asserts only state law claims, for lack of jurisdiction.

-2-

Case 7:13-cv-00485-JPJ-PMS Document 127 Filed 09/08/14 Page 2 of 12 Pageid#: 1358

This court's records show that Strickland has filed 10 lawsuits,[2] eight of which involve his Crohn's disease, naming a total of 106 defendants.[3] In the first, he alleged that two defendants denied him medical treatment and a special diet for his Crohn's disease while housed at the Danville City Jail. *See Strickland v. Danville City Jail*, No. 7:11cv00088 (W.D. Va. Mar. 14, 2011) (dismissed). The court dismissed that action because Strickland failed to show that a policy of the municipal defendant caused his alleged injuries. *See Id.* Three months later, Strickland filed a second lawsuit against 14 defendants, alleging he was denied medical treatment for Crohn's disease while an inmate at the Danville City Jail and Mecklenburg Correctional Center. *See Strickland v. Wang*, No. 7:11cv00246 (W.D. Va. July 7, 2011) (dismissed). The court dismissed that action because Strickland failed to comply with the court's directives. *See Id.* Within another two months, Strickland filed his third suit against 19 defendants, again complaining about his Crohn's disease treatment. *See Strickland v. Wang*, No. 7:11cv00358 (W.D. Va. Mar. 7, 2013) (dismissed). The court dismissed that action and denied Strickland's motion for reconsideration, Strickland appealed, and the Fourth Circuit dismissed his appeal for failure to prosecute. *See Id*.; *Strickland v. Wang*, No. 13-7412 (4th Cir. Nov. 4, 2013) (dismissed).

While his third suit was pending, Strickland filed his fourth suit against 25 defendants, asserting constitutional claims for his treatment for Crohn's disease. *See Strickland v. Militana*, No. 7:12cv00005 (W.D. Va. May 9, 2013) (dismissed).

---

[2] The court takes judicial notice of Strickland's previous lawsuits. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice … is in noticing the content of court records") (internal quotation marks omitted). The court also notes Strickland has filed more than 110 motions, including numerous motions to amend and multiple requests for sanctions.

[3] Strickland has filed at least one lawsuit in state court, as well. (*See* No. 7:13cv00484, Compl. at 13.)

Adopting the magistrate judge's recommendation, the court dismissed Strickland's claims for failure to state a claim for relief. *See Id.* Strickland appealed, and the Fourth Circuit dismissed his appeal for failure to prosecute. *See Id.*; *Strickland v. Militana*, No. 13-6914 (4th Cir. Aug. 5, 2013) (dismissed). While his third and fourth suits were pending, Strickland filed his fifth and sixth suits against a total of eight defendants, alleging claims unrelated to his Crohn's disease, *Strickland v. Witcher*, No. 7:12cv00253 (W.D. Va. June 18, 2012) (voluntarily dismissed); *Strickland v. Meadows*, No. 7:12cv00254 (W.D. Va. June 18, 2012) (voluntarily dismissed), which he voluntarily dismissed. Also while his third and fourth suits were pending, Strickland filed his seventh suit against 10 defendants, alleging the defendants denied him out-of-cell exercise while incarcerated at the Danville City Jail and various other claims related to his Crohn's disease. *See Strickland v. Mondule*, No. 7:12cv00559, (W.D. Va. filed Nov. 15, 2012). The undersigned tried that case on April 17, 2014, and issued a Report And Recommendation recommending that the court enter judgment in favor of the defendants. *See Id.* With two cases still pending, Strickland filed his eighth suit against 10 defendants, alleging constitutional and ADA claims related to his Crohn's disease. *See Strickland v. Wang*, No. 7:13cv00141 (W.D. Va. Oct. 30, 2013) (dismissed). The undersigned filed a report, recommending the court dismiss that action based on *res judicata* and impose sanctions on Strickland by ordering that he may file no further actions against those defendants. *See Id.* The court dismissed the case, and warned Strickland that the dismissal counted as a strike for purposes of the three-strike rule. *See Id.* Strickland appealed and then moved to voluntarily dismiss his appeal, and the Fourth Circuit granted his motion. *See Id.*; *Strickland v. Wang*, No. 13-7781 (4th Cir. Nov. 19, 2013) (voluntarily dismissed).

With three cases in progress, Strickland submitted the two complaints now before the court: a 57-page complaint against nine defendants alleging federal claims under § 1983 based on deliberate indifference, Title II of the ADA, and the Rehabilitation Act of 1973; and a 71-page complaint against nine defendants alleging various state law claims, including medical malpractice, fraud and breach of contract. As stated above, the Clerk docketed the complaints separately as 7:13cv00484 (federal claims) and 7:13cv00485 (state claims).[4]

In both lengthy complaints, Strickland chronicles in great detail the attention and treatment the defendants provided for his Crohn's disease. Specifically, Strickland complains the defendants "knowingly persisted in a course of ineffective treatment" by providing him medication for his Crohn's that was different from the medication he was taking before his incarceration.[5] (No. 7:13cv00484, Compl. at 33.) Strickland also asserts that Dr. Clarke ordered he receive a "special diet" for his Crohn's, which Strickland understood to be a low residue diet. Although, Strickland claims, the "special diet" had "some changes from the regular diet but the majority of the foods being served . . . were not consistent [with] a low residue diet." (*Id.* at 10.) He complains "Ms. Cloud [the Foods Services Manager at Deep Meadows Correctional Center] was not providing [him] with the diet that the doctor had ordered" because, she said, "the VDOC wouldn't allow her to order the necessary foods to provide the diet and she [was

---

[4] Both suits concern Strickland's medical treatment for Crohn's disease while he was housed at MCC, DMCC, and PCC; since then, Strickland has been transferred to Indian Creek Correctional Center, and most recently, Augusta Correctional Center.

[5] In No. 7:13cv00485, Strickland submitted the first page of his medical records from each of the institutions where he was incarcerated during the time period of these allegations. From those documents alone, it is clear that prison medical personnel saw Strickland at least eight times in less than one year, (7:13cv00485, Docket Item No. 80-1), and a number of medical evaluations are evident from Strickland's version of events in his complaints.

doing] the best that she could do." (*Id.* at 28.) Strickland alleges that, while he was on the diet, Dr. Clarke evaluated him multiple times, concluded "[his] condition was about the same" and ultimately cancelled the diet order.[6] (*Id.* at 12-13.) According to Strickland's version of events, VDOC medical personnel saw him on numerous occasions, attempted to provide him the special diet, sent him to gastrointestinal specialists and prescribed several medications for his symptoms.

Both cases have pending motions. In the federal claims lawsuit, 7:13cv00484, Strickland has moved the court to reconsider its dismissal for his failure to comply with required procedures.[7] Strickland also has filed numerous motions seeking to consolidate his purely state claims lawsuit, 7:13cv00485, with his suit asserting federal claims. And, the defendants have moved to dismiss the former for lack of subject matter jurisdiction. All parties have had an opportunity to respond, and the matters are ripe for decision.

Having reviewed Strickland's motion for reconsideration and pertinent portions of the record, I recommend that the court reinstate the federal claims lawsuit under Federal Rules of Civil Procedure Rule 60(b) for purposes of reconsideration.[8] Performing the requisite screening under 28 U.S.C. §

---

[6] Upon cancelling his diet order, Strickland maintains Dr. Clarke asked him to "please be patient and that [he] would be going to see the specialist soon, very soon." (*Id.* at 13.)

[7] Strickland failed to submit the requisite inmate account report.

[8] Although the court analyzes Strickland's motion for reconsideration under Rule 60(b), it notes that this timely motion fits equally well within Rule 59. Under Rule 60(b), the court "may relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect . . . or any other reason that justifies relief." FED. R. CIV. P. 60(b). Here, the court dismissed the suit asserting federal law claims when Strickland failed to file the required inmate account report. Strickland claims he intended to file his state and federal claims as one suit, and he sent only one account statement. Finding this is "mistake" or "excusable neglect,"

-6-

1915(e)(2)(B)(ii), and finding that Strickland's own allegations foreclose his claims, I also recommend that the court dismiss that suit sua sponte.

Under § 1915(e)(2)(B), the court "shall" dismiss an inmate's case "at any time" upon determining the action "fails to state a claim on which relief may be granted," that is if there is not "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam); *Staples v. Va. Dep't of Corrs.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he subjectively "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of mere negligence or medical malpractice do not state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106; *Sosebee v. Murphy*, 797 F.2d 179, 181 (4th Cir. 1986); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (noting an inmate must show the defendants' actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness"). As for nonmedical prison officials, an inmate cannot prevail on a medical deliberate indifference claim unless the official was personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment or tacitly authorized or was deliberately indifferent to a prison

---

the court will reinstate the federal claims suit, which is, of course, subject to screening under 28 U.S.C. § 1915(e)(2).

doctor's misconduct. *See Miltier*, 896 F.2d at 854-55 (overruled on other grounds); *Lewis v. Angelone*, 926 F. Supp. 69, 73 (W.D. Va. 1996).

Strickland chronicles in great detail the precise treatments the medical personnel[9] provided for his Crohn's disease, which included prescribing various medications, sending him to see specialists and evaluating him on numerous occasions. Strickland's mere disagreement with the proffered treatment does not state a plausible Eighth Amendment claim. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (holding that an inmate's mere disagreement with his course of treatment does not state an Eighth Amendment claim). As to defendant Cloud, the Food Services Manager at Deep Meadows, Strickland has not plausibly shown that Cloud deliberately interfered with Strickland's treatment or was personally responsible for denying it. To the contrary, according to Strickland's own allegations, it appears Cloud was doing her best to provide him the "special diet." There is no doubt that Crohn's disease is a serious condition, but Strickland has simply failed to assert any plausible claim that the defendants did not attempt to treat him. Therefore, I will recommend that the court dismiss his claims under 28 U.S.C. § 1915(e)(2)(B)(ii).[10]

---

[9] As a private corporation, Armor "is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Having failed to show any constitutional deprivation related to his medication, Strickland's claim that Armor violated his Eighth Amendment rights by failing to "have an adequate medication formulary" is unavailing. (Compl. at 41.)

[10] The court notes that Strickland does not assert any deliberate indifference claim against VDOC, nor does he point to any specific policy that would support such a claim. Strickland does recast his deliberate indifference claims against VDOC and other defendants as violations of Title II of the ADA and the Rehabilitation Act, though he fails to plausibly allege he was deprived of prison services, programs, or activities for which he was otherwise qualified. *See Goodman v. Johnson*, 524 F. App'x 887, 890 (4th Cir. 2013) (noting the ADA and the Rehabilitation Act "prohibit[] discrimination because of disability, not inadequate treatment for

Strickland also has asked the court to consolidate his state and federal claims in order for the court to exercise supplemental jurisdiction over his state law claims. A court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Tigrett v. Rector & Visitors of Univ. of Va.*, 290 F.3d 620, 626, 631 (4th Cir. 2002) (affirming district court's dismissal of state claims in the absence of any remaining federal claims). In the absence of any remaining federal claims, I recommend that the court decline to exercise supplemental jurisdiction over Strickland's state law claims.[11] Consequently, I also will recommend that the court grant the defendants' motions to dismiss Strickland's lawsuit asserting state law claims.

---

[a] disability"); *Miller v. Hinton*, 288 F. App'x 901, 902-03 (4th Cir. 2008) (holding that ADA and Rehabilitation Act claims failed where an inmate alleged only inadequate medical treatment). Accordingly, I will recommend that the court dismiss these claims.

Finally, Strickland asserts various First Amendment retaliation claims, including by discontinuing his "special diet," but he fails to plausibly allege that Dr. Clarke's decision to discontinue his diet was based on anything other than her multiple evaluations of him and his unchanged condition while on the diet. *See A.C.L.U. v. Wicomico Cnty.*, 999 F.2d 780, 784 (4th Cir. 1993) (requiring inmate to show sufficient facts indicating the exercise of his constitutional right substantially motivated the alleged retaliatory action and that such retaliation resulted in adversity sufficient to warrant concern about a "chilling effect" on one's right to access the courts); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (holding that prisoner's retaliation claim failed where his complaint "failed to contain any factual allegations tending to support his bare assertion[s]"); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996) (en banc) (instructing district courts to analyze retaliation claims in the prison context with skepticism). Furthermore, by his own admission, his condition remained unchanged regardless of his receiving the diet.

[11] Whether to exercise supplemental jurisdiction is discretionary, and courts often consider a host of factors, including "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (noting that supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). The court has considered all pertinent factors. Given the stage of these proceedings, and the fact that only state law claims remain, the factors weigh heavily in favor of Strickland litigating these claims in state court if he chooses to pursue them.

# PROPOSED FINDINGS OF FACTS
# AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The court should reinstate the federal claims action, 7:13cv484, under Federal Rules of Civil Procedure Rule 60(b) for purposes of reconsideration;
2. The Complaint in the federal claims action, 7:13cv484, fails to state a claim upon which relief may be granted, and the court should dismiss it sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);
3. The court should deny Strickland's motion to consolidate his federal claims action, 7:13cv484, and his state claims action, 7:13cv485;
4. The court should deny Strickland's motion to exercise supplemental jurisdiction; and
5. The court should grant the defendants' motions and dismiss Strickland's state claims action, 7:13cv485, for lack of subject matter jurisdiction.

# RECOMMENDED DISPOSITION

For the above-stated reasons, I recommend that the court grant Strickland's Motion For Reconsideration, (7:13cv484, Docket Item No. 9), reinstate Strickland's suit asserting federal claims, but, nonetheless, dismiss it under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. I also recommend that the court deny Strickland's motions to amend his claims to consolidate his

federal claims with his state claims, (7:13cv485, Docket Item Nos. 16, 21, 37), and his motion for the court to exercise supplemental jurisdiction, (7:13cv485, Docket Item No. 58). I further recommend that the court grant the defendants' motions to dismiss the state law claims suit for lack of jurisdiction. (7:13cv485, Docket Item Nos. 41, 52). If the court adopts the undersigned's recommendations, it also should find the remaining motions on the dockets moot.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

-11-

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: September 8, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE